### ANDREWS WIRE & IRON WORKS v. WILSON MFG. CO.

(District Court, W. D. Pa. September 25, 1912.)

No. 62.

1. PATENTS (§ 283*)—VALIDITY—KNOWLEDGE BY PATENTEE OF PRINCIPLE OF OPERATION.

　　A patentee should not be deprived of the benefit of his invention, if meritorious, because he may not understand the principle of its operation.
　　[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 448–450, 452; Dec. Dig. § 283.*]

2. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—TOASTER.

　　The Andrews patent, No. 897,513, for a toaster, was not anticipated, and discloses invention; also *held* infringed.

In Equity. Suit by the Andrews Wire & Iron Works against the Wilson Manufacturing Company. On final hearing. Decree for complainant.

A. O. Behel, of Rockford, Ill., for plaintiff.

Dalzell, Fisher & Hawkins and W. G. Doolittle, all of Pittsburgh, Pa., for defendant.

ORR, District Judge. This case is before the court for final hearing upon the pleadings and proofs. The bill is in the usual form, and charges infringement by the defendant of letters patent of the United States No. 897;513, issued September 1, 1908, to the plaintiff, as assignee of Charles Andrews, Jr. Although not admitting infringement, the defendant has specially attacked the validity of the patent, alleging that the prior art relating to toasters disclosed every element which is found in the toaster covered by the patent in suit.

The utility of the patent clearly appears from the evidence that within three years after its date the plaintiff was shipping to the trade 500 of the Andrews toasters daily, and that defendant was manufacturing and selling similar toasters. In his specification the patentee states that the object of his invention "is to construct a toaster in which a perforated bottom plate is at varying distances from the wire top, in order that the heat may act uniformly on the articles being toasted." His theory is there expressed as follows:

"By forming the main portion so that it is depressed at its center, the heat, being greater at the center, will have farther to travel, after passing through the perforations, before coming in contact with the article being toasted, than the heat, which is not so intense, passing through the perforations near the outer edge of the toaster. By locating the perforations at varying distances from the wire top, the heat will be uniform throughout the extent of the toaster."

[1] The correctness of this theory of Andrews is denied by defendant's expert. Whether it is correct or not is immaterial, and should not affect the question of validity. If a patentee has perfected a new and useful apparatus, he should not be deprived of the benefit of his invention because he may not understand the principal upon which it operates. Eames v. Andrews, 122 U. S. 40–55, 7 Sup. Ct. 1073, 30 L. Ed. 1064; Westinghouse Electric & Mfg. Co. v. Montgomery Electric Light & Power Co., 153 Fed. 890–901, 82 C. C. A. 636.

[2] There is but one claim in the patent, and that is as follows:

"A toaster, comprising a perforated sheet metal main portion having its center depressed and formed with V-shaped edges, the outer walls of the edges formed with rests, and a top seated in the rests in a fixed manner."

The elements of the claim are (a) a perforated sheet metal main portion; (b) having its center depressed; (c) and formed with V-shaped edges; (d) the outer walls of the edges formed with rests; and (e) a top seated in the rests in a fixed manner. The references to the prior art show that nearly all of the elements are old in the art. Toasters with a perforated sheet metal main portion, having their centers depressed and having rests, were not by any means new; but toasters with such a main portion formed with V-shaped edges, which form rests for the toaster, and at the same time secure the top in a fixed manner, as specified in the patent, were new. It would answer no useful purpose to review the prior patents, as no one of them has all the elements of the patent in suit. The alleged examples of prior use possess some but not all of the elements of the patent.

There is no combination shown to have existed in the art which embraced them all.

Notwithstanding this, the question of invention is not without difficulty. The differences between the Andrews toaster and others seem slight, yet such differences are marked. The substantial difference lies in this: That the Andrews toaster alone has the extended edges of the bottom plate turned out, to form rests, and then inward, over the grid, whereby the latter is securely attached to the bottom plate. In other words, the turned edge holds the device level when in use, and securely fastens the wire mesh or grid, without the necessity and expense of holding it or wiring it in place. This is the important feature of the patent. In view of it, the court would not be justified in holding the patent, as thus limited, invalid for lack of invention.

Defendant, however, insists that it is not infringing the patent, chiefly because its toasters do not have the V-shape in their edges. The shape of the edge of the plaintiff's toasters seems to have been arbitrarily selected, and does not necessarily arise from the twofold demand upon the edge, which has been mentioned above, to wit, to hold the device level when in use and to securely fasten the grid. It is mentioned in the claim as V-shaped. In defendant's toaster the edge is turned down to form the rests, and then inwards to hold the grid in a fixed manner. The edge is not V-shaped. Defendant surely cannot escape infringement by turning the edge of its toasters so that the edge is U-shaped, or some other shape, when such turning is to meet the twofold demand upon the edge. If so, then truly "the letter killeth." The toaster of the defendant is in all important respects similar to that of the plaintiff. It is true it is made of heavier metal; its perforations are elongated, instead of circular; and its center is not quite so much depressed. It, however, has the extended edges of the bottom plate turned out to form rests, and then inward over the grid, whereby the latter is securely attached to the bottom plate. In this respect the toaster of the defendant infringes the patent in suit.

Plaintiff is entitled to a decree for an injunction and an accounting.